The Chief Jüstice
delivered the opinion of the court.
This was an action of ejectment, on the trial of which, Clay, the lessor of the plaintiff, in order to deduce a title from the patentee, produced in evidence a deed executed Jto him as the assignee of a bond for the locator’s part, by Thomas Campbell and Absalom Oldham, as commissioners appointed under the “act to reduce into one the several acts for the conveyance and division of lands,” to the reading of which the defendant objected, but the circuit court overruled the objection, and permitted the deed to be read, without any other evidence shewing Clay’s derivation of title. To this decision of the circuit court the defendant excepted, and a verdict and judgment being given against him, he has brought the case to this court by writ of error.
There can be no doubt that the deed, without other evidence, was inadmissible. To render the deed admissible, the authority of Campbell and Oldham to execute it was indispensably necessary to be shewn; and to have dope this it was incumbent upon Clay to have produced a copy of the order appointing them commissioners. It is true that the deed recites their appointment, but the record of fheir appointment is indisputably better evidence of the fact than the recital of it in the deed, and it is a fundamental rule that the best evidence of which the nature of the case is susceptible, must be produced. But if the order appointing them commissioners had been produced, it would have been necessary, we apprehend, furthermore to have proved that at the date of the deed tl^e patentee was a non-residept, ■for otherwise the case would not have been within the authority given by law to the commissioners, and the division $pd conveyance made by them would have been absolutely *372 void. Admitting, indeed, the bond, as recited in the con* veyance made by the commissioners, to be genuine, as the patentee is therein stated to be a resident of Virginia in 1796, w0ujcj presumptive evidence of his being a non-resident in 1815, when the division and conveyance were made, for without proof to that effect it ought not to be presumed ^le c^lan§e^ h*8 residence. But the bond cannot be ad-Hiitted as genuine without proof of its execution, and such proof we suppose not only to be necessary in this case, because l^ere was no other evidence of the non-residence of the patentee, but to be necessary in all cases of this sort, because it constitutes a link in the chain of title, and without there cannot be a regular derivation of title shewn,
in the Cdeed thatthegran-tors were ⅛⅛’ ev'S deuce to the order of up-pomtment, & admissible*""
\° rellder such deed operative, it should also be shewn that the holder of the tie was, at the date of the deed» a non residen*. If the bond under which the Conors have .cted, reci--s the holder of the title to be a non-resident, it will not be presum’d that he has r<-mov’d to this country. But to render such bond evidence at all against a stranger to it, proofmusibe adduced of execution.
Bibb for plaintiff, Pope for defendant in error. r i r,
Judgment reversed with posts, and cause remanded, &c.